[No. 35050.   Department One.   March 17, 1960.]

SUMNER RHUBARB GROWERS' ASSOCIATION, *Respondent*, v.
THE STATE OF WASHINGTON, *Appellant.*[1]

*The Attorney General* and *James A. Furber, Assistant,* for
appellant.

*Robert B. Abel,* for respondent.

[1]Reported in 350 P. (2d) 478.

HUNTER, J.—This is an action by the Sumner Rhubarb Growers' Association against the state of Washington, for an excise tax refund.

The appeal comes before this court on an agreed statement of facts. The plaintiff, a nonprofit, co-operative marketing association, is a corporation organized under the laws of this state. All stockholders of the association are farmer members engaged in raising rhubarb for sale. The purpose of the association is to market all the rhubarb grown by its members. The growers package the rhubarb in boxes and deliver it to the association which then labels the boxes for grade, advertises the rhubarb and sells it at wholesale; a smaller percentage of the rhubarb, however, is prepared for sale by freezing and packing in cans. The association remits to the growers the market price of the rhubarb less expenses, which include boxes and supplies, and less a contingent reserve not to exceed four cents per crate on all rhubarb delivered to the association for marketing. The contingent reserve is optional annually with the board. All billings and payments received are made from and to the association in its own name, and a customer is liable only to the association for the selling price.

Prior to May 21, 1958, tax assessments were made against the association by the tax commission under the business and occupation tax statutes of this state, RCW 82.04. The association feeling aggrieved thereafter filed a petition with the State Tax Commission requesting a refund of the taxes in question. After a hearing, the petition was denied. From this adverse ruling, the association appealed to the Superior Court for Thurston county. That court reversed the ruling of the State Tax Commission, holding that the association was not subject to the business and occupation tax of this state; that the association was entitled to a refund of the taxes in question and judgment was entered against the state accordingly. From this judgment the state has appealed to this court.

The sole question raised by appellant's assignments of error is whether the respondent is a person engaged in busi-

ness, subject to the operation of the Washington business and occupation tax under chapter 82.04 of the Revised Code of Washington. RCW 82.04.220 provides:

"There is levied and shall be collected from every person a tax for the act or privilege of engaging in business activities. . . ."

A "person" is defined in RCW 82.04.030 as:

" 'Person' or 'company,' herein used interchangeably, means any individual, receiver, assignee, trustee in bankruptcy, trust, estate, firm, copartnership, joint venture, club, company, joint stock company, business trust, municipal corporation, corporation, association, society, or any group of individuals acting as a unit, whether mutual, cooperative, fraternal, nonprofit, or otherwise and the United States or any instrumentality thereof."

"Business" is defined in RCW 82.04.140 as:

" 'Business' includes all activities engaged in with the object of gain, benefit, or advantage to the taxpayer or to another person or class, directly or indirectly."

■ Applying these definitions to the respondent, it is clear that the respondent, as a nonprofit co-operative association, is a person, and that in the operation of its business for the benefit of its "class" of exclusive rhubarb grower members, is engaged in business within the purview of RCW 82.04.220. The respondent strenuously urges, however, that the respondent is an agent of its farmer members, thus coming within the exemption of RCW 82.04.330:

"This chapter shall not apply to any person in respect to the business of growing or producing for sale upon his own lands or upon land in which he has a present right of possession, any agricultural or horticultural produce or crop, including the raising for sale of any animal, bird, or insect, or the milk, eggs, wool, fur, meat, honey, or other substance obtained therefrom, or in respect to the sale of such products at wholesale by such grower, producer, or raiser thereof. This exemption shall not apply to any person selling such products at retail; nor to the sale of any animal or substance obtained therefrom by a person in connection with his business of operating a stockyard or a slaughter or packing house; nor to any association of persons whatever, whether mutual, cooperative or otherwise, engaging in any business

activity with respect to which tax liability is imposed under the provisions of this chapter."

█ It is immaterial whether the respondent is an agent of the farmer because the language of the proviso clearly excludes the respondent from the benefit of the farmer's exemption since the respondent is a "cooperative—engaging in (a) business activity with respect to which tax liability is imposed under the provision of this chapter."

The same objections were raised to the imposition of the business and occupation tax to nonprofit marketing associations, in *Yakima Fruit Growers' Ass'n v. Henneford*, 187 Wash. 252, 60 P. (2d) 62 (1936), and we there came to the same conclusion as we have in the instant case.

█ █ The respondent further contends it is entitled to the benefits of RCW 82.04.430, which reads in part:

"In computing tax there may be deducted from the measure of tax the following items:

"  .    .    .

"(7) Amounts derived by any person as compensation for the receiving, washing, sorting, and packing of fresh perishable horticultural products and the material and supplies used therein when performed for the person exempted in RCW 82.04.330, either as agent or as independent contractor;

"  .    .    . "

We agree. The respondent being subject to the business and occupation tax is entitled to the deductions set forth in RCW 82.04.430(7). However, the appellant contends this case should be remanded to the trial court for the purpose of determining these amounts. We find this unnecessary. This is a matter of computation by the State Tax Commission in the performance of its duties in the tax collection process.

The judgment of the trial court is reversed, and the cause remanded with instructions to dismiss the action.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.

---

April 25, 1960. Petition for rehearing denied.